## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLARK DISTRIBUTION SYSTEMS, INC.,** | : | **CIVIL ACTION NO. 1:10-CV-2575** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ALG DIRECT, INC.,** | : | |
| | : | |
| **Defendant** | : | |

### MEMORANDUM

This is a civil action filed by plaintiff Clark Distribution Systems, Inc. ("Clark") against ALG Direct, Inc. ("ALG") and Patrick J. Del Monico III ("Del Monico") alleging breach of contract against ALG and negligent misrepresentation against Del Monico. Presently before the court is a motion (Doc. 16) to dismiss, or, in the alternative, to transfer venue filed by ALG. For the reasons that follow the motion will be granted.

I.   **BACKGROUND**

The instant matter stems from a contractual agreement in which ALG agreed to pay Clark to serve as a freight forwarder of ALG materials for distribution to United States Postal Service locations. (Doc. 1, at 2-3). Clark contends that the contractual relationship between ALG and Clark required ALG to provide the material in an acceptable condition for transfer to the Postal Service. (Id. at 3). According to Clark, ALG furnished materials in an unacceptable condition, requiring Clark to expend a significant amount of time, resources and manpower to

convert the shipments into satisfactory condition for the Postal Service.  (Doc. 1, at 4).

Clark filed the instant action against ALG and Del Monica on December 17, 2010, asserting breach of contract and anticipatory repudiation against ALG.[1]  (Doc. 1, at 5-6 ).  On March 27, 2011, ALG filed the present motion to dismiss or in the alternative to transfer venue.  (Doc. 16).  ALG contends that there are numerous deficiencies in the complaint, both jurisdictional and merits-based, that warrant dismissal, including: (1) Clark's failure to properly plead diversity jurisdiction; (2) lack of personal jurisdiction over ALG; (3) improper venue; and (4) Clark's failure to state a claim upon which relief can be granted.  Id.  The motion is fully briefed and is ripe for disposition.

## II.    **DISCUSSION**

Federal district courts are courts of limited jurisdiction.  A district court may entertain cases or controversies involving questions of federal law and disputes arising between diverse parties.  The instant matter purports to invoke the courts jurisdiction under the latter type of jurisdiction.  Pursuant to 28 U.S.C. § 1332, "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,0000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332.  For diversity

---

[1] Clark initially alleged negligent misrepresentation against Del Monico.  On April 20, 2011 Clark filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I) dismissing Del Monico as a defendant.  (Doc. 21).

purposes, a corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principle place of business."  28 U.S.C. § 1332(c). Although a company may conduct business in multiple places, the principle place of business is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  See McCollum v. State Farm Ins. Co., 376 Fed. Appx. at 219 (citing Hertz Corp. v. Friend, --- U.S. ---, 130 S. Ct. 1181, 1192-93 (2010)).  In practice the nerve center should normally be the place where the corporation maintains its headquarters; however, the nerve center must be the actual center of direction, control, and coordination, and not simply an office where the corporation holds its board meetings.  See Hertz. Corp., --- U.S. ---, 130 S. Ct. at 1192;  see also Four Seasons Tree Serv. and Landscaping v. Terex Telect, Inc., 2011 WL 1702732 at *1 (M.D. Pa. 2011) (citing Hertz. Corp., --- U.S. ---, 130 S. Ct. At 1192) (the nerve center requires the court to pick out the place from which the corporation directs, controls and coordinates business activities).

In the case *sub judice*, ALG contends that Clark's complaint is insufficient on its face to invoke this court's diversity jurisdiction.  (See Doc. 17, at 8).  ALG is an Illinois corporation with its principal place of business in Bolingbrook, Illinois.  Id. In Clark's brief in opposition to ALG's motion to dismiss, Clark states that it is a Delaware Corporation with corporate headquarters in Trenton, New Jersey.  (Doc. 20, at 6).  Clark further explains that, although the corporate headquarters is in Trenton, New Jersey, Clark maintains a large operations center in Mechanicsburg, Pennsylvania.  (Doc. 20-1, at 1).  The Mechanicsburg operations center is

"responsible for coordinating Clark's operations not only in the Harrisburg facility, but for all of Clark's operations across the United States."  (Id.)

Although these assertions may properly invoke the court's diversity jurisdiction had they been asserted in the complaint, Clarks' complaint merely states that, "plaintiff Clark Distribution Systems, Inc. is a Delaware corporation with a major hub of operations located at 5008 Lenker Street, Mechanicsburg Pennsylvania, 17050."  (See Doc. 1, at 1).  The court concludes that, as it currently stands, the complaint fails to show the existence of subject matter jurisdiction pursuant to 28 U.S.C. 1332.  See S. Freedman & co., Inc. v. Raab, 180 Fed. App'x 316, 320 (3d Cir. 2006) (quoting Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business")).  The complaint does not specifically allege that the Pennsylvania hub is Clark's principal place of business.  Therefore, the court will grant ALG's motion to dismiss (Doc. 16) without prejudice and direct Clark to file an amended complaint that sufficiently invokes the court's diversity jurisdiction.[2]

---

[2] Due to the court's conclusion that Clark's complaint fails to invoke this court's jurisdiction, the court will not address ALG's remaining arguments.

## III.   **<u>CONCLUSION</u>**

For the reasons set forth above, the court will grant ALG's motion to dismiss.

An appropriate order follows.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:      July 29, 2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLARK DISTRIBUTION SYSTEMS, INC.,** | : | **CIVIL ACTION NO. 1:10-CV-2575** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ALG DIRECT, INC.,** | : | |
| | : | |
| **Defendant** | : | |

**<u>ORDER</u>**

AND NOW, this 29th day of July, 2011, upon consideration of the motion

(Doc. 16) to dismiss, filed by defendant ALG Direct, Inc., and for the reasons set

forth in the accompanying memorandum, it is hereby ORDERED that:

1.   The motion (Doc. 16) to dismiss is GRANTED without prejudice.

2.   Plaintiff is GRANTED leave to file, within twenty (20) days of the date
     of order, an amended complaint properly pleading diversity
     jurisdiction.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge