IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLARK DISTRIBUTION SYSTEMS, INC.**, | : | CIVIL ACTION NO. 1:10-CV-2575 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **ALG DIRECT, INC.**, | : | |
| Defendant | : | |

# ORDER

AND NOW, this 11th day of September, 2014, upon consideration of the motion (Doc. 83) *in limine*, filed by defendant ALG Direct, Inc. ("ALG"), to either limit or preclude plaintiff Clark Distribution Systems, Inc.'s ("CDS") presentation of evidence regarding claimed "losses of approximately $337,997.00" allegedly incurred as a result of CDS's efforts to convert a higher-than-anticipated volume of ALG's materials to a condition acceptable to the USPS, wherein ALG argues that CDS has failed to present competent evidence during discovery to support the alleged damages, and upon further consideration of the response (Doc. 87) thereto filed by CDS, wherein CDS asserts that the argument under consideration is procedurally improper and should have been raised in a motion for summary judgment, and that CDS has presented sufficient evidence to proceed with its claim for $337,997 in damages, and the court noting that motions *in limine* are intended to address the admissibility of evidence at trial, not dispositive issues more appropriately raised in a motion for summary judgment, see Klatch-Maynard v. Sugarloaf Twp., No. 3:06-cv-0845, 2011 WL 3476814, at *2-3 (M.D. Pa. Aug. 9, 2011) (denying a motion *in limine* seeking a ruling that

plaintiff presented sufficient pretrial evidence to submit a claim for punitive damages to the jury); see also Dunn *ex rel.* Albery v. State Farm Mut. Auto. Ins. Co., 264 F.R.D. 266, 274 (E.D. Mich. 2009) (noting that motions *in limine* should be denied when the moving party seeks to "prevent the non-moving party from presenting its case"); Mavrinac v. Emergency Med. Ass'n of Pittsburgh, No. 04-1880, 2007 WL 2908007, at *1 (W.D. Pa. Oct. 2, 2007) ("Motions *in limine* are inappropriate vehicles to seek a final determination with respect to a substantive cause of action, and should not be used as a substitute for a motion for summary judgment."); Bowers v. Nat'l Collegiate Athletic Ass'n, 563 F. Supp. 2d 508, 531 (D.N.J. 2008) (denying a motion *in limine* for improperly "call[ing] upon the Court to weigh the sufficiency of the evidence in support of the parties' claims and defenses and, in effect, to resolve the parties' factual disputes on the eve of trial"); and the court concluding that a ruling on the sufficiency of the evidence presented in support of CDS's claim for $337,997 in damages is inappropriate at this stage, see Klatch-Maynard, 2011 WL 3476814, at *2-3, it is hereby ORDERED that the motion (Doc. 83) *in limine* to either limit or preclude CDS's presentation of evidence regarding claimed "losses of approximately $337,997.00" allegedly incurred as a result of CDS's efforts to convert a higher-than-anticipated volume of ALG's materials to a condition acceptable to the USPS is DENIED without

prejudice to ALG's right to object to evidence or argument it believes is improperly offered at trial.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania